TotteN, J.,
dissented. I agree that the opinion is in accordance with a literal construction of the statute, 1844, ch. 92, § 1. It declares in effect, that the tax sale shall be conclusive, notwithstanding any errors therein, unless the owner can prove that the taxes were duly paid before the judgment ordering the sale was rendered. Now, it is a well settled rule, that if a tax sale be irregular, as not conforming to the law on the subject, the sale is not merely voidable, but absolutely void. The owner’s title is not divested, and the tax sale purchaser acquires no title to, or interest in the land under the illegal sale. But suppose him to take possession under a void sale, and of course without right or title to the land; the question then is this: is the owner, whose title continues and is good and valid, deprived of his remedy, unless he can show that the taxes were paid? Perhaps the failure to pay was *575 by mere accident, or by the negligence or bad faith of an agent, or it may be, by neglect of the owner.
It is not material to the question. The opinion holds that he is: that is, that he is barred of any remedy. It seems to me, that the principle of the decision is in conflict with the bill of rights, which declares:
“That all courts shall be open; and every man for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay.” Const., art. 1, § 17.
Now, here, the owner’s right continues and subsists in him as it was before the sale, which is void; and the pretended purchaser having no right, is in possession as a trespasser.
For this trespass and wrongful possession, the owner is entitled to “remedy by due course of law,” without restriction; for, if it may be restricted in part, it may be restricted in toto, or utterly denied. If his right continue, he is entitled to remedy for its deprivation, and it is not competent to the legislative power to take it away, by closing the courts against him. To deny the remedy is in effect to declare a forfeiture of the land, on the ground that the taxes were not paid, and the purchaser is permitted to take and keep the land for himself, not in virtue of the tax sale, for that is merely void, but on the ground that the owner has forfeited his right. He forfeits his land because he omitted to pay his taxes, or is unable to prove the payment, and not by reason of the illegal proceeding instituted against it to enforce the payment. My opin *576 ion is, that legislation, wbicb rests on such a principio, is not in accordance with constitutional rights.